# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-2021V**
UNPUBLISHED

<table>
<tr><td>

JOHN M. LEWIS,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

</td><td>

Chief Special Master Corcoran

Filed: June 28, 2022

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

</td></tr>
</table>

*Scott B. Taylor, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On December 29, 2020, John M. Lewis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on or about November 5, 2019. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, he suffered the effects of his condition for more than six months, and he has never received compensation in the form of an award or settlement, or filed a civil action, for his vaccine-related injuries. Petition at ¶¶ 2, 20, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 27, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner had no history of pain, inflammation or dysfunction in his left shoulder; his pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; his symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain his symptoms." *Id.* at 5. Respondent further agrees that the statutory six month sequela requirement is satisfied, the case was timely filed, and the vaccine was received in the United States. *Id.* Respondent also notes that Petitioner avers that he has not filed a civil action or received compensation in the form of an award or civil settlement for an alleged vaccine-related injury. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
